**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 8 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DENNIS WALLACE,

      Petitioner-Appellant,

v.

MICHAEL NELSON; CARLA
STOVALL, Attorney General of
Kansas,

      Respondents-Appellees.

No. 01-3284
(D.C. No. 99-CV-3382-DES)
(D. Kansas)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

Mr. Wallace, petitioner pro se, appeals a district court order dismissing his habeas corpus action as untimely under 28 U.S.C. § 2244(d)(1). Attached to his opening brief is Mr. Wallace's application for a certificate of appealability pursuant to 28 U.S.C. § 2253. For the reasons set out below, we deny Mr. Wallace's request for a certificate of appealability and dismiss the appeal.

After entering an *Alford* plea to amended charges of second-degree murder and aggravated robbery, Mr. Wallace was sentenced to two consecutive sentences of 15 years to life. On March 8, 1996, the state court conviction became final. Thereafter, Mr. Wallace filed two unsuccessful post-judgment motions in state court. He filed his habeas petition pursuant to 28 U.S.C. § 2254 in federal district court on December 8, 1999. The district court dismissed the action, adopting the magistrate judge's conclusions that the petition was untimely under 28 U.S.C. § 2244(d)(1), and that Mr. Wallace had failed to show extraordinary circumstances to justify equitable tolling of the statute of limitations. The court denied Mr. Wallace's request for a certificate of appealability under 28 U.S.C. § 2253. Mr. Wallace appeals the dismissal of his habeas action and requests that this court grant him a certificate of appealability.

The statute of limitations for filing a habeas petition is set forth in 28 U.S.C. § 2244(d)(1), as enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which states "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

judgment of a State court." For cases in which the petitioner's conviction became final before the effective date of AEDPA, the one-year period begins to run on April 24, 1996. *See Marsh v. Soares,* 223 F.3d 1217, 1218 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001).

Not applicable towards this period of limitation is "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . ." 28 U.S.C. § 2244(d)(2). Moreover, this circuit has recognized an "equitable tolling" of the one-year period when "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh,* 223 F.3d at 1220 (citing *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998)).

Mr. Wallace's state conviction became final on March 8, 1996, which was prior to the effective date of AEDPA. Therefore, his one-year period of limitation to file a habeas petition did not begin to run until April 24, 1996. After 357 of the 365 days in the period had passed on April 17, 1997, Mr. Wallace filed his first application for state collateral review of his conviction, effectively stopping the running of the limitations period. The period did not resume until September 29, 1999, the day after the Kansas Supreme Court denied review of Mr. Wallace's second petition for collateral review. Eight days later, on October 6, 1999, the 365-day period expired.

Mr. Wallace alleges that his appellate counsel failed to notify him of the Kansas Supreme Court's decision until December 1, 1999, and points out that he filed his habeas petition with the district court on December 8, 1999, a mere seven days later. Although Mr. Wallace's petition was filed 63 days after the statute of limitations had run, he contends his case is appropriate for equitable tolling of the one-year period. He asserts that his appellate counsel's failure to notify him of the state supreme court decision before the limitations period had expired constitutes "extraordinary circumstances beyond his control," thereby justifying equitable tolling. The district court, relying on the magistrate's recommendation, found otherwise, and we agree. As we stated in *Miller*, "It is apparent that [petitioner] simply did not know about the limitation in the AEDPA until it was too late." 141 F.3d at 978. Mr. Wallace cites no case to support his claim that a failure of counsel supports equitable tolling of the AEDPA limitations period and we have found none.

Accordingly, Mr. Wallace's habeas petition was untimely under AEDPA. We **DENY** his request for a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge